ALAN MICHAEL WOLF, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wolf v. Commissioner
Docket No 2788-92
United States Tax Court
T.C. Memo 1994-335; 1994 Tax Ct. Memo LEXIS 349; 68 T.C.M. (CCH) 157; July 25, 1994, Filed *349 Decision will be entered under Rule 155. Alan Michael Wolf, Jr., pro se. For respondent: Robert E. Williams, Jr.
COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies of $ 3,548 and $ 22,207 in petitioner's Federal income taxes for 1985 and 1986, respectively. Respondent also determined additions to tax under sections 6651(a)(1), 6653(a), and 6654. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions, the issues for decision are whether the statute of limitations bars assessment of the deficiencies, the amount of unreported income received by petitioner during the years in issue, and whether petitioner is liable for the additions to tax determined by respondent. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Maryland at the time he filed his petition. During 1985, petitioner was in the business of preparing income tax returns. Petitioner, his sister Ellen Wolf Kaplan (Kaplan), and Jan *350 Abrams were partners in the business known as Mike Wolf Income Tax. The partnership dissolved at the end of 1985 due to internal disputes. Petitioner and Kaplan then formed a new partnership, operating under the same business name, which terminated on or about April 15, 1986. The partnerships did not file any partnership returns for 1985 or 1986. Other formalities of conducting business as a partnership were not observed. Petitioner paid certain partnership expenses from his personal bank account. Petitioner paid $ 295 in partnership expenses in 1985 and $ 10,493.80 in partnership expenses in 1986. Kaplan sent Forms 1099-MISC to petitioner, reporting income of $ 14,928.37 for 1985 and $ 9,310 for 1986. Petitioner's share of the partnership net income was not less than the amount reported on the Forms 1099. Petitioner also received a Form 1099-MISC from Constellation Place Corporation, reporting $ 50,500 received by petitioner during 1986 as consulting fees. Petitioner incurred $ 5,816.17 in expenses relating to his consulting business. Petitioner failed to file timely returns for 1985 or 1986. On November 16, 1988, he mailed Forms 1040 for each year to the Internal Revenue *351 Service. Those returns, however, reported "-0-" on each of the lines for income and tax. On November 6, 1991, respondent sent to petitioner a statutory notice of deficiency, determining that petitioner had unreported income in the amounts shown on the Forms 1099 sent to petitioner for 1985 and 1986. Respondent also determined that petitioner had unreported interest and dividend income. OPINION At the conclusion of trial of this case, the Court advised the parties that, based on the absence of evidence that petitioner filed his returns for the years in issue prior to November 16, 1988, the 3-year statute of limitations did not bar assessment of deficiencies for the years in issue. Sec. 6501(a). In addition, petitioner did not dispute his receipt of $ 50,500 in consulting income in 1986. Thus, the 6-year provision of section 6501(e) would apply to his liability for that year. The Court directed at the conclusion of trial that the parties meet to review the documents that were presented at trial with respect to expenses claimed to have been paid for the partnership, expenses incurred by petitioner in his consulting business, and other income that petitioner contended was tax *352 exempt. Thereafter, a second stipulation of facts, containing concessions by each party as to expenses substantiated by petitioner and concessions by respondent that petitioner's interest and dividend income was not taxable, was filed. Respondent's brief was filed in accordance with the instructions of the Court. Respondent contends that the records that were produced by petitioner do not justify reduction of the deficiency for 1985 and, moreover, they establish that petitioner's partnership income in 1986 was more than the amount determined by respondent. Petitioner failed to file a brief. Having been told at trial that his legal arguments would not succeed and having received the benefit of respondent's concessions, petitioner has apparently abandoned his claims. See , affd. without published opinion ; . The record supports respondent's determination of unreported income and each of the additions to tax. Petitioner did not file timely returns, and he has *353 not proven reasonable cause that would avoid the additions to tax under section 6651(a). His failure to file returns or to keep records showing his correct income justifies the additions to tax for negligence under section 6653(a). He has not shown any basis for reducing or eliminating the additions to tax for failure to pay estimated taxes under section 6654. See . To take account of respondent's concessions with respect to expenses relating to petitioner's consulting business and interest and dividend income, Decision will be entered under Rule 155.